UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | |
|---|---|
| THE UNIVERSITY OF FLORIDA RESEARCH FOUNDATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ELECTRIC COMPANY, GE MEDICAL SYSTEMS INFORMATION TECHNOLOGIES, INC., and GE MEDICAL SYSTEMS, INC.,<br><br>Defendants. | Case No.: 1:17-cv-00171-MW-GRJ |

**REPLY IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS FOR UNPATENTABILITY UNDER 35 U.S.C. § 101**

## **TABLE OF CONTENTS**

                                                          **Page**

I.     Plaintiff's *Alice* Step One Arguments Do Not Establish Eligibility ............... 1

II.    Plaintiff's *Alice* Step Two Arguments Do Not Establish Eligibility ............... 4

III.   Plaintiff's Allegations And Expert Testimony Are Irrelevant ....................... 5

IV.   Plaintiff's Remaining Arguments Do Not Establish Eligibility ..................... 6

REQUEST FOR ORAL ARGUMENT PURSUANT TO L.R. 7.1(K) .................... 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*,
   788 F.3d 1371 (Fed. Cir. 2015) ...........................................................................7

*Arthur v. Thomas*,
   674 F.3d 1257 (11th Cir. 2012) ...........................................................................6

*BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*,
   827 F.3d 1341 (Fed. Cir. 2016) ...........................................................................5

*Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*,
   776 F.3d 1343 (Fed. Cir. 2014), *cert. denied*, 136 S. Ct. 119 (2015) ..................7

*Cyberfone Sys, LLC v. CNN Interactive Group, Inc.*,
   558 Fed. App'x 988 (Fed. Cir. 2014) ..................................................................7

*DDR Holdings, LLC v. Hotels.com, L.P.*,
   773 F.3d 1245 (Fed. Cir. 2014) ...........................................................................3

*Diamond v. Diehr*,
   450 U.S. 175 (1981) .............................................................................................6

*Elec. Power Grp., LLC v. Alstom S.A.*,
   830 F.3d 1350 (Fed. Cir. 2016) .......................................................................1, 4

*Enfish, LLC v. Microsoft Corp.*,
   822 F.3d 1327 (Fed. Cir. 2016) ...........................................................................3

*Gottschalk v. Benson*,
   409 U.S. 63 (1972) ............................................................................................1, 2

*Intellectual Ventures I LLC v. Capital One Bank (USA)*,
   792 F.3d 1363 (Fed. Cir. 2015) ...........................................................................6

*McRO, Inc. v. Bandai Namco Games America Inc.*,
   837 F.3d 1299 (Fed. Cir. 2016) ...........................................................................2

*Secured Mail Solutions LLC v. Universal Wilde, Inc.*,
   No. 2016-1728, 2017 WL 4582737 (Fed. Cir. Oct. 16, 2017) .......................... 1, 6

*Smart Systems Innovations, LLC v. Chicago Transit Authority*,
   No. 2016-1233, 2017 WL 4654964 (Fed. Cir. Oct. 18, 2017) ...................... 2, 3, 5

*Thales Visionix Inc. v. U.S.*,
   850 F.3d 1343 (Fed. Cir. 2017) ................................................................................ 5

*Trading Tech. Int'l v. CQG, Inc.*,
   675 F. App'x 1001 (Fed. Cir. 2017) ........................................................................ 4

*Versa Corp. v. AG-Bag Intern. Ltd.*,
   392 F.3d 1325 (Fed. Cir. 2004) ................................................................................ 2

*Versata Development Group, Inc. v. SAP America, Inc.*,
   793 F.3d 1306 (Fed. Cir. 2015) ................................................................................ 6

*Visual Memory LLC v. NVIDIA Corp.*,
   867 F.3d 1253 (Fed. Cir. 2017) ................................................................................ 3

**I.      Plaintiff's *Alice* Step One Arguments Do Not Establish Eligibility**

Plaintiff makes no effort to distinguish the long line of Federal Circuit cases invalidating analogous patent claims for collecting, analyzing, and displaying data. *See Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353-54 (Fed. Cir. 2016) (collecting cases). Plaintiff also makes no effort to distinguish the '251 patent from the patent invalidated in the recent *Intellectual Ventures I* case, which also involved "render[ing] otherwise incompatible documents compatible." 850 F.3d 1332, 1340-41 (Fed. Cir. 2017). And Plaintiff ignores *Gottschalk v. Benson*, which held that converting data using tables is abstract. 409 U.S. 63, 67 (1972).

Plaintiff also offers no meaningful distinction of Federal Circuit decisions invalidating similar result-oriented patents lacking technical details. (Mot. at 15-16.) Another such decision issued just last week. In *Secured Mail Solutions LLC v. Universal Wilde, Inc.*, No. 2016-1728, 2017 WL 4582737 (Fed. Cir. Oct. 16, 2017), the Federal Circuit found that patents claiming methods for affixing a barcode on mail and using computers and networks to communicate information about the mail's contents and sender were abstract and ineligible. It noted that the claims provided no "rules or steps that establish how the focus of the methods is achieved" and did not improve computer functionality. *Id*. at *4-6. That reasoning applies equally to the '251 patent, which recites no new or improved bedside machine, computing device or graphical user interface or any special rules or technology to convert data "into a machine independent format."

Plaintiff instead attempts to redraft the patent. It argues that the machine-independent format "is dynamically matched with discreet workflow elements." (Opp. at 21-22.) But the words "dynamic," "discreet," and "workflow" appear nowhere in the claims. Plaintiff also points to the "specific example" of converting data using a "driver," but identifies nothing in the patent disclosing any technical details for the driver. (*Id*. at 22, citing '251 patent at 3:9-11, 4:13-18, 7:48-55.) Plaintiff also relies on "the use of tables to standardize data" (*id*. at 22) but points to nothing in the patent that would render the abstract process of using conversion tables into something concrete. *See Gottschalk*, 409 U.S. at 67 (use of conversion tables held to be abstract).[1]

Plaintiff's comparison to *McRO, Inc. v. Bandai Namco Games America Inc.*, 837 F.3d 1299 (Fed. Cir. 2016) also fails. Those claims recited a particularized set of rules that define morph weight sets as a function of the timing of phoneme sub-sequences for achieving automated lip-synchronization. *Id.* at 1314. But the '251 patent claims "are not directed to a combined order of specific rules that improve any technological process, but rather invoke computers in the collection and arrangement of data." *Smart Systems Innovations, LLC v. Chicago Transit Authority*, No. 2016-1233, 2017 WL 4654964, at *7 (Fed. Cir. Oct. 18, 2017). "Claims with such character do not escape the abstract idea exception." *Id.*

---

[1] "Driver" and "table" do not appear in the independent claims, which indicates that neither is a necessary part of those inventions. *See, e.g., Versa Corp. v. AG-Bag Intern. Ltd.*, 392 F.3d 1325, 1329-1330 (Fed. Cir. 2004).

- 2 -

Plaintiff's comparison to *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327 (Fed. Cir. 2016) is likewise inapt. Those claims recited a "self-referential table for a computer database" that "improve[d] the way a computer stores and retrieves data in memory" by "achiev[ing] benefits over conventional databases, such as increased flexibility, faster search times, and smaller memory requirements." *Id*. at 1336-39. The '251 patent claims, in contrast, do not recite any improvements to computer functionality, and instead utilize conventional computing components such as "bedside machines," a "computing device," and a "graphical user interface," to collect, convert and display data. ('251 patent at 13:55-67.)

The '251 patent also does not resemble the patent in *Visual Memory LLC v. NVIDIA Corp.*, 867 F.3d 1253, 1259-61 (Fed. Cir. 2017), which recited "a new, improved, and more efficient memory system" involving "programmable operational characteristics that are configurable based on the type of processor" and included a "microfiche appendix" with "263 frames of computer code." The '251 patent does not purport to improve computer memory or anything about how a computer operates, and discloses no code or other technical details for implementing its claimed conversion function. *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2014) also does not help Plaintiff because it "does not apply when, as here, the asserted claims do not 'attempt to solve a challenge particular to the Internet.'" *Smart Systems*, 2017 WL 4654964, at *9 (citation omitted).

"Remote" data conversion also does not render the claims non-abstract. (Opp. at 27.)  Plaintiff cites nothing in the claims demonstrating the purported "efficiency" achieved by this "remote" conversion.  Moreover, "remote" data conversion still involves the abstract concept of collecting and manipulating data. *See, e.g.*, *Elec. Power Grp.,* 830 F.3d at 1353-54 (invalidating patent to remote collection and analysis of power grid data).  The "bedside device" also does not alter the conclusion at step one because it can be any ordinary "computer" or "communication portal."  ('251 patent at 7:14-20.)

Finally, the '251 patent claims look nothing like those in *Trading Tech. Int'l v. CQG, Inc.*, which "require[d] a specific, structured graphical user interface paired with a prescribed functionality directly related to the graphical user interface's structure" to resolve missing a trade price due to rapid market movement.  675 F. App'x 1001, 1004 (Fed. Cir. 2017).  The '251 patent GUI is not paired with a "prescribed functionality directly related to the graphical user interface' structure" to resolve prior art problems.  *Id*.  Data is collected, converted and then displayed on the GUI, which can be any of "a variety of different GUI types."  ('251 patent at 13:18-21.)

## II. Plaintiff's *Alice* Step Two Arguments Do Not Establish Eligibility

For *Alice* step two, Plaintiff again relies on "remote" data conversion.  But specifying where data is manipulated does not provide an inventive concept, as confirmed by *Smart Systems*.  There, the patentee argued that the claims were

inventive because they carried out a bankcard validation function on site rather than remotely. 2017 WL 4654964 at *8. The Federal Circuit disagreed, finding that "the claims are still directed to nothing more than…the performance of an abstract business practice." *Id*. (internal quotation marks and citation omitted). Those words could have been written for this case.

*BASCOM Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341 (Fed. Cir. 2016) also does not help Plaintiff's cause in any respect. There, the Federal Circuit found that "providing individualized filtering at the ISP server" improved the performance of the computer system itself. *Id.* at 1351. By contrast, here, Plaintiff fails to show any improvement to computer systems simply from the remote conversion of data.[2] *Thales Visionix Inc. v. U.S.*, 850 F.3d 1343 (Fed. Cir. 2017) also does not save the '251 patent. There, the claims were directed to "systems and methods that use inertial sensors in a non-conventional manner to reduce errors in measuring the relative position and orientation of a moving object on a moving reference frame." *Id.* at 1348-49. Nothing about the '251 patent uses its conventional computing components in a non-conventional manner.

### III. Plaintiff's Allegations And Expert Testimony Are Irrelevant

The Federal Circuit recently confirmed that in ruling on a 12(b)(6) motion to

---

[2] Moreover, Plaintiff concedes that the claims vary in terms of where the data conversion takes place, confirming that there is nothing inventive about the "remote" location of data conversion. *See, e.g.*, Opp. at 11 (arguing that "[t]he claims principally differ in whether they are method, system, or device claims and regarding *where* the conversion takes place.") (emphasis in original).

dismiss under § 101, "a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit,' such as the claims and the patent specification." *Secured Mail*, 2017 WL 4582737, at *7 (citation omitted). Plaintiff cites no § 101 decision that holds otherwise. *Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012) does not compel any different approach. There, the plaintiff was required to show that he filed his complaint within two years of a "significant change" in Alabama's method of administering lethal injections. *Id*. at 1259. This was "a fact-dependent inquiry" that required the lower court to assume the truth of plaintiff's expert declarations. *Id*. at 1261-62. Here, by contrast, § 101 is an issue of law and not a "fact-dependent inquiry." *Intellectual Ventures I LLC v. Capital One Bank (USA)*, 792 F.3d 1363, 1366 (Fed. Cir. 2015). Thus, the Court need not assume the truth of Dr. Bergeron's testimony ascribing purported details to the "drivers" and "conversion tables" of the '251 patent not disclosed anywhere in the patent claims or specification. (*See, e.g.,* Dkt. 1-2, ¶¶ 34-51.)[3]

## IV.   Plaintiff's Remaining Arguments Do Not Establish Eligibility

The broad preemptive effect of the claims merely confirms that the '251

---

[3] Moreover, Plaintiff's novelty and commercial success assertions are irrelevant to the § 101 inquiry. *Diamond v. Diehr*, 450 U.S. 175, 188-89 (1981) (novelty "is of no relevance" to § 101 patentability); *Versata Development Group, Inc. v. SAP America, Inc.*, 793 F.3d 1306, 1335 (Fed. Cir. 2015) (commercial success does not equate to patent eligibility). Despite dedicating nine pages of its Background to irrelevant secondary considerations of non-obviousness, Plaintiff does not rely on these matters in its *Alice* analysis. (Opp. at 2-7, 12-15.)

- 6 -

patent is ineligible.  *See* Opp. at 34.[4]  Further, Defendants have established that claim 1 is representative and analyzed the unasserted claims.  *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, 776 F.3d 1343, 1348 (Fed. Cir. 2014), *cert. denied*, 136 S. Ct. 119 (2015) (representative claim sufficient where claims are "substantially similar and linked to the same abstract idea").  Finally, Plaintiff does not explain how claim construction would alter the § 101 analysis, confirming it is unnecessary.  *See Cyberfone Sys, LLC v. CNN Interactive Group, Inc.*, 558 Fed. App'x 988, 991 n.1 (Fed. Cir. 2014) ("Cyberfone …does not explain which terms require construction or how the analysis would change.").

## **REQUEST FOR ORAL ARGUMENT PURSUANT TO L.R. 7.1(K)**

Defendants respectfully request oral argument and estimate 30 minutes per side for the argument.

DATED: October 27, 2017         Respectfully submitted,

                                             */s/ Trevor A. Thompson*
                                             **TREVOR A. THOMPSON**
                                             Fla. Bar No.: 0068006
                                             tthompson@clarkpartington.com
                                             **KEITH L. BELL, JR.**
                                             Fla. Bar No.: 573809
                                             kbell@clarkpartington.com
                                             Clark Partington
                                             106 East College Avenue, Suite 600
                                             Tallahassee, FL 32301

---

[4] *See also Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("[T]he absence of complete preemption does not demonstrate patent eligibility.")

Phone: (850) 320-6838
Fax: (850) 597-7591

**BRIAN D. ROCHE** *admitted pro hac vice*
Illinois Bar No. 6183795
broche@reedsmith.com
REED SMITH LLP
10 South Wacker Drive-Suite 4000
Chicago, IL  606066
Phone: (312) 207-6490

**DAVID T. POLLOCK** *admitted pro hac vice*
California Bar No. 217546
DPollock@ReedSmith.com
REED SMITH LLP
101 Second Street-Suite 1800
San Francisco, CA  94105
Phone: (415) 659-5620

**GERARD M. DONOVAN** *admitted pro hac vice*
DC Bar No. 997156
gdonovan@reedsmith.com
REED SMITH LLP
1301 K Street, N.W., Suite 1000
Washington, DC 20005
Phone: (202) 414-9224

*Attorneys for Defendants*
*General Electric Company, GE Medical Systems Information Technologies, Inc., and GE Medical Systems, Inc.*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the following parties via the electronic filing system of the Northern District of Florida on the date appearing on the Clerk's CM/ECF electronic docket (or on the following day depending on the recipient's CM/ECF settings) to all parties that have requested notice:

John D. Jopling
  jjopling@dellgraham.com
  dgpleadings@gmail.com
David M. Delaney
  ddelaney@dellgraham.com
DELL GRAHAM, P.A.
*Attorneys for Plaintiff*

Andrew M. Howard
  ahoward@shorechan.com
Michael W. Shore
  mshore@shorechan.com
Alfonso Garcia Chan
  achan@shorechan.com
SHORE CHAN DEPUMPO LLP
*Attorneys for Plaintiff*

                                              */s/ Trevor A. Thompson*
                                              **TREVOR A. THOMPSON**